# Broughton v. State.

*Indictment for Larceny from a Storehouse, and Receiving Stolen Property.*

1. *Receiving stolen property; when a felony.*—Under the provisions of the statute (Code, § 3794), which makes the receiver of property knowing it has been stolen, and not having the intent to restore it to the owner, punishable as the thief is punished, an indictment charges a felony when it alleges that the defendant received property not having an intent to restore it to the owner, with a knowledge that it was stolen under circumstances or from places which rendered the larceny a felony.

2. *Indictment; misjoinder of offenses* —An indictment which in the first count charges the larceny from a storehouse, and in the second count charges the defendant with receiving the same property, knowing it to have been stolen from the storehouse described in the first count, and not having the intent to restore it to the owner, is not demurrable for misjoinder of offenses, in that the first count charges a felony and the second a misdemeanor; the second count, in alleging

[Broughton v. The State.]

that the defendant knew the property was stolen from a storehouse, the larceny from which is made a felony by statute, (Code, § 3789), charged a felony.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JESSE M. CARMICHAEL.

The facts of the case are sufficiently stated in the opinion.

RABB & STEVENS, for appellant.—The demurrer to the indictment should have been sustained because there was a misjoinder of offenses in the two counts; the first count charging a felony, and the second count, a misdemeanor.—*Adams v. State*, 55 Ala. 143; *James v. State*, 104 Ala. 20.

WILLIAM L. MARTIN, Attorney-General, for the State. The indictment does not contain a misjoinder of offenses. Each count of the indictment charged a felony.—Code, §§ 3789, 3794.

McCLELLAN, J.—The following is the indictment in this case, omitting caption and conclusion : "The grand jury of said county charge that before the finding of this indictment that John Broughton, *alias* Broaden, *alias* Broudon, feloniously took and carried away from the storehouse of John Emmons one umbrella, of the value of one dollar and fifty cents, and one pair of shoes, of the value of three dollars, the personal property of John Emmons.

"And the grand jury of said county further charge that before the finding of this indictment John Broughton, *alias* Broaden, *alias* Broudon, did buy, receive, conceal or aid in concealing one umbrella, of the value of one dollar and fifty cents, and one pair of shoes of the value of three dollars, the personal property of John Emmons, knowing they had been stolen from the storehouse of John Emmons, and not having the intent to restore it to the owner."

The defendant demurred to the indictment on the ground that there was a misjoinder of offenses, in that the first count charged a felony and the second a misdemeanor; and the overruling of this demurrer is the only matter presented for review.

[Laney v. The State.]

We do not think the demurrer was well taken. To steal goods from a storehouse is felony regardless of the amount of their value.—Code, § 3789. And section 3794 of the Code provides in substance that any person who receives, buys, &c., "any personal property whatever, knowing that it has been stolen, and not having the intent to restore it to the owner, must, on conviction, be punished as if he had stolen it." The court is of the opinion that the effect of this statute is to punish the receiver, with guilty knowledge, precisely as the thief is punished. The guilty knowledge, of course, must extend in cases like this to the special facts which aggravate the offense of taking and carrying away with felonious intent. It is so alleged here; the charge in the second count is that the defendant knew the property had been stolen *from a storehouse*. And being so charged, the defendant, upon conviction, was punishable under the second count as under the first—as a felon.

Affirmed.